UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOISES MERAZ-ESPINOZA,

Plaintiff,

v.

M. MIRANDA,

Defendant.

No.  1:26-cv-02892-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIM

(ECF No. 6)

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed June 29, 2026. (ECF No. 6.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Correctional officer M. Miranda purposefully closed the door on Plaintiff as half of his body was outside the cell door and door frame. Plaintiff had to use his right foot to push back on the door to free his head. Miranda saw Plaintiff waving at him as he was yelling to use the outside toilet. Miranda closed the door on Plaintiff knowing his body/head was outside the cell and knowing he was in danger. Plaintiff was left with blurry vision in his left eye.

Officer Miranda was indifferent toward Plaintiff's possible medical needs when he chose to not summon medical staff after being informed that he had closed the cell door on Plaintiff and his foot was stuck.

///

# III.

# DISCUSSION

## A.      Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim for excessive force against Defendant officer Miranda.

## B.      Denial of Medical Treatment

Prisoner medical care may amount to cruel and unusual punishment in violation of the

3

Eighth Amendment, as applied to the States through the Fourteenth Amendment, when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.' " Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014), quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.' " Farmer v. Brennan, 511 U.S. 825, 834 (1994), quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." Id., quoting Wilson, 501 U.S. at 302-03. A prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, Plaintiff alleges that officer Miranda should have summoned medical attention for after he was struck by the door.  However, Plaintiff's allegations are conclusory in nature and he has not provided sufficient factual details to support a claim of deliberate indifference.  Without further facts, the Court cannot determine whether Plaintiff can plausibly allege that Defendant knew of and disregarded an excessive risk to his health.  Although the pleading standard is low, and lower still for pro se plaintiffs, Plaintiff must allege with some degree of particularity acts which defendants engaged in that support the Plaintiff's claim, and the Court must not "supply essential elements of the claim that were not initially pled." Bruns v. National Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).  Plaintiff also fails to provide sufficient facts indicating that his injuries were sufficiently serious to implicate an Eighth Amendment claim, let alone that officer Miranda recognized and disregarded a serious risk of harm.  Although Plaintiff alleges he suffers from blurry vision and "floaters" in his left eye, there are insufficient allegations to support a plausible inference of a serious medical need.  Indeed, a "serious medical need" refers to "one that has been diagnosed by a physician as mandating treatment or one that is

4

so obvious that even a lay person would easily recognize the necessity of a doctor's attention." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004); see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (different standard overruled in WMX Techs. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (determining deliberate indifference requires an examination of "the seriousness of the prisoner's medical need"). Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C.    Further Leave to Amend

Because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's prior screening order, and Plaintiff has failed to remedy those deficiencies as to his deliberate indifference claim, the Court finds he cannot cure his pleadings and granting further leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). Accordingly, the Court will recommend that the deliberate indifference claim be dismissed from the action.

### IV.

### ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.    This action proceed on Plaintiff's first amended complaint (ECF No. 6) against Defendant Miranda for excessive force; and

2.    Plaintiff's deliberate medical indifference claim be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 6, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge